UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| *In re*: | * | Chapter 13 |
| BARBARA ANN KELLY, | * | Case No. 23-12700-MCR |
| Debtor. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

NAPLES PROPERTY HLD. CO., LLC
NAPLES BEACH CLUB LAND TRUST     *
    TRUSTEE, LLC
NAPLES BEACH CLUB PHASE II       *
    AND III LAND TRUST
    TRUSTEE, LLC                   *
NBC CLUB OWNER, LLC
    Movant                         *
v.
                                     *
BARBARA ANN KELLY
    Debtor                         *

\* \* \* \* \* \* \* \* \* \* \* \* \*

**CREDITORS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

NAPLES PROPERTY HOLDING COMPANY, LLC ("NPHC"), NAPLES BEACH CLUB LAND TRUST TRUSTEE, LLC, as Trustee, NAPLES BEACH CLUB PHASE II and III LAND TRUST TRUSTEE, LLC, as Trustee, and NBC CLUB OWNER, LLC (collectively "NBC Entities") (NPHC and NBC Entities collectively, the "Movants"), by and through their undersigned counsel, move (the "Motion") for the entry of an Order granting relief from the automatic stay pursuant to 11 U.S.C. §§ 362(d), Rule 4001, Federal Rule of Bankruptcy Procedure, and Maryland Local Bankruptcy Rule 4001.

**Summary of Case and Relief Requested**

NBC Entities own real property in Naples, Florida (the "NBC Property") located a block away from a residence owned by Barbara Ann Kelly ("Kelly") and her non-filing spouse, Gregory Myers ("Myers"), commonly known as 700 Gulf Shore Boulevard North, Naples,

Florida 34102 (the "<u>Myers/Kelly Property</u>"). Movants hold an unliquidated claim for costs against Kelly and Myers arising from and relating to their unsuccessful litigation commenced by Myers and later joined by Kelly as a plaintiff, claiming an easement and use restrictions on the NBC Property (the "<u>Litigation</u>"). Appeals and matters related to the Litigation remain pending in Florida and federal courts. The Litigation continues to cloud title to the NBC Property.

Contemporaneously with and as an alternative to this Motion, Movants seek a dismissal of this case because Kelly is not eligible for relief under Chapter 13 of the Bankruptcy Code.

Through this Motion, Movants seek relief from the automatic stay to (i) pursue their legal rights against Kelly to fully dispose of the Litigation in state and federal court and remove the cloud on title created by the Litigation and (ii) liquidate their claim for costs awarded against Kelly. Due to the serial nature of the bankruptcy filings by Kelly and Myers, Movants also seek prospective relief from the automatic stay in any future bankruptcy case filed by Kelly for the purposes described above.

**Background**

1.  On April 9, 2023, Kelly filed this voluntary chapter 13 bankruptcy case by filing a petition and creditor matrix [ECF No. 1]. As of the date of this Motion, Kelly has filed no further substantive documents to advance this case but has sought and been granted an extension until May 17, 2023 to file her bankruptcy schedules.

2.  However, as the docket notes, this is not Kelly's first time in bankruptcy court. She has filed multiple bankruptcy cases in the past, all of which were previously dismissed.[1]

---

[1] Cases numbered 23-11566-LSS (D. Md.); 19-24525-LSS (D. Md.); 18-13244-LSS (D. Md.); and 18-07142-CED (M.D. Fla.). Myers has filed his share of bankruptcy cases too, including: 21-00123-CED (M.D. Fla.); 19-17428-LSS (D. Md.); 15-26033-MCR (D. Md.); and 93-16991-JPM (D. Md.). As correctly asserted by the United States Trustee (See 23-11566, ECF No. 29), Kelly and Myers have coordinated their efforts in prosecuting these serial bankruptcy cases and the multitude of related proceedings to create maximum complexity, confusion, and delay over otherwise straight-forward disputes. And, as a result of Myers' bad faith, on January 20, 2023, Chief Bankruptcy Judge Caryl

And, while Kelly's pending disputes with Movants are relatively new, the creditor composition of this case does not appear to be materially different than in past cases.

3. For example, Kelly lists two mortgage lenders in her current creditor matrix -- U.S. Bank, N.A., as Trustee for Credit Suisse First Boston CSFB 2005-11 ("Naples Lender") and U.S. Bank, N.A., as Trustee for WAMU Mortgage Pass-Through Certificates Series 2007-OA4 Trust ("Bethesda Lender").[2] As of 2018, the Naples Lender was due $3,219,793.50 on account of a 2015 final foreclosure judgment entered in a 2009 Florida foreclosure proceeding against the Myers/Kelly Property.[3] As of 2018, the Bethesda Lender was due $2,321,433.05 on account of its claim secured by real property commonly known as 4505 Wetherill Road, Bethesda, Maryland (the "Bethesda Property").[4] The filing of this case and the recently dismissed chapter 11 proceeding (23-11566) were both made on the eve of a foreclosure sale of the Myers/Kelly Property in favor of the Naples Lender.[5]

4. Aside from delaying the foreclosure sale on the Myers/Kelly Property for years, these serial bankruptcy filings by Kelly and Myers have interfered with and delayed the efforts of other parties, like Movants, to fully and finally conclude disputes involving these debtors.

5. Here, the Litigation between the parties was commenced by Myers on May 27, 2021, when he filed a complaint against Movants initiating the Litigation styled *Gregory B.*

---

Delano dismissed Myers most recent chapter 13 case and barred him from seeking further relief in bankruptcy court for a two-year period for the reasons set forth in the *Memorandum Opinion Denying Confirmation and Dismissing Case*, a copy of which is attached hereto as Exhibit 1.

[2] See ECF No. 1, at p. 12 of 12.

[3] See Proof of Claim number 1 filed in 18-13244-LSS.

[4] See Proof of Claim number 9 filed in 18-13244-LSS.

[5] See Re-Notice of Foreclosure Sale dated February 22, 2023, Suggestion of Bankruptcy dated March 8, 2023, Re-Notice of Foreclosure Sale dated March 20, 2023, and Suggestion of Bankruptcy dated April 20, 2023 attached hereto as composite Exhibit 2.

*Myers and Barbara Ann Kelly v. Naples Golf and Beach Club, Inc. et al.*, 21-CA-001441-0001 (Twentieth Judicial Circuit, Collier County, Florida). Kelly later joined as a plaintiff.

6. Through the Litigation, Kelly and Myers claimed a private implied easement appurtenant to the Kelly/Myers Property and use restrictions over portions of the NBC Property, a 124-acre tract of land previously known as the Naples Golf and Beach Club which was operated as a hotel and golf course formerly owned by Naples Golf and Beach Club, Inc. for roughly seventy (70) years and is now owned by the NBC Entities. In furtherance of their claims, and in a bald-faced effort to delay the closing of the sale of the NBC Property by Naples Golf and Beach Club, Inc. to Movants, Kelly and Myers filed a *lis pendens* against the NBC Property. Ultimately, Kelly and Myers claims were rejected and on May 6, 2022, the state court presiding over the Litigation entered an *Amended Summary Final Judgment*, a copy of which is attached as Exhibit 3 (the "<u>Final Judgment</u>"), which rejected Kelly and Myers' claims to an implied easement and use restrictions over the NBC Property, and denied all relief sought by Kelly and Myers. Conversely, the Final Judgment granted all relief sought by the Movants on their counterclaim declaring that Kelly and Myers have no rights whatsoever to the NBC Property and "permanently enjoining them from claiming any interests whatsoever in the [NBC] Property." Exhibit 3, at pp. 19-20. The Final Judgment also awarded Movants' costs against Kelly and Myers which cost award remains unliquidated as of the date hereof. Kelly and Myers have appealed the Final Judgment, which appeal is currently pending and unresolved[6] due to

---

[6] On June 22, 2022, Kelly and Myers, *pro se*, filed a notice of appeal of the Final Judgment as a non-final order in the Second District Court of Appeal of Florida, Case No. 2D22-2073, a copy of which is attached as Exhibit 4. The case was transferred to the Sixth District Court of Appeal of Florida, Case No. 6D23-0573, upon the creation of the new Sixth District Court of Appeal on January 1, 2023. On June 24, 2022, Kelly and Myers, *pro se*, also filed a notice of appeal of the Final Judgment as a final order in the Second District Court of Appeal of Florida, Case No. 2D22-2130, a copy of which is attached as Exhibit 5. This second case was also transferred to the Sixth District Court of Appeal of Florida, Case No. 6D23-0585, on January 1, 2023. Rather than simply litigate the appeals through conclusion, Kelly and Myers thereafter embarked on a series of actions to further delay resolution of the appeals. As a result, the *lis*

Kelly and Myers' dilatory actions, including a completely unjustified attempt to remove the appeals of the Litigation to federal court in which an order of remand was entered. The motion for reconsideration of the order of remand was denied on May 10, 2023.[7]

7.      Through this Motion, Movants seek relief from the automatic stay to (i) pursue their legal rights against Kelly to fully dispose of the Litigation in state and federal court and remove the cloud on title created by the Litigation and (ii) liquidate their claim for costs awarded against Kelly.

### Jurisdiction, Venue, Core Matter

8.      The Court has jurisdiction over the instant matter pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core matter pursuant to 28 U.S.C. § 157(b)(2).

### Legal Analysis and Basis for Relief

9.      Pursuant to 11 U.S.C. § 362(d), the Court shall grant relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest[.]" 11 U.S.C. § 362(d).

10.     Although "cause" is not defined in the Bankruptcy Code, it is important to note that "the legislative history of § 362 reveals that Congress intended "'that one of the factors to consider when determining whether to modify the stay is whether doing so would permit pending litigation involving the debtor to continue in a nonbankruptcy forum,' as '[i]t will often be more appropriate to permit proceedings to continue in their place of origin, where no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to

---

*pendens* filed by Kelly and Myers continues to cloud title to the NBC Property and will continue to interfere with the Movants' rights over the NBC Property until the appeals are concluded.

5

relieve the bankruptcy court from duties that may be handled elsewhere.'" *In re Project Orange Assoc., LLC*, 432 B.R. 89, 103 (Bankr. S.D.N.Y. 2010) (quoting legislative history of § 362(d)) (internal citations omitted).

11. The Fourth Circuit Court of Appeals has set forth several factors constituting 'cause' under §362(d)(1), including:

> (1) whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and (3) whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court.

*Robbins v. Robbins (In re Robbins)*, 964 F.2d 342, 345 (4th Cir. 1992).

12. Applied here, the greater weight of all relevant factors, viewed in isolation or in combination, weigh decisively in favor of finding "cause" to grant stay relief here. The Final Judgment was entered adverse to Kelly denying Kelly's claim to an implied easement and use restrictions and granted Movants' counterclaim quieting title pursuant to the laws of the State of Florida. Kelly has appealed the Final Judgment, however resolution of the appeal is similarly a matter of the laws of the State of Florida. This Court's expertise in bankruptcy matters has no bearing on the disposition of the Litigation and, as a result, permitting the Florida state court system to resolve the remaining matters in dispute will promote judicial economy. Finally, the Court can leave the automatic stay in place for the limited purpose of preventing Movants from execution on any costs awarded in the Litigation against Kelly.

13. Accordingly, based upon the totality of circumstances, there is more than ample "cause" to provide relief from the automatic stay pursuant to 11 U.S.C. § 362(d) to permit

---

[7] *Gregory B. Myers and Barbara Ann Kelly v. Naples Golf and Beach Club, Inc., et al.*, United States District Court, Middle District of Florida, Case No. 23-cv-0013.

Movants' relief from the automatic stay for the purpose of (i) fully and finally pursuing their legal rights to dispose of all of the matters arising from or relating to the Litigation in state and federal court and the cloud on title to the NBC Property and (ii) liquidate its claim for costs awarded against Kelly and Myers in the Litigation.

14.     It is also appropriate based upon the history of Kelly's bankruptcy filings to grant Movants prospective relief from the automatic stay in the event this case is dismissed and Kelly files yet another bankruptcy case.  The repeated invocation of the automatic stay has delayed and will further delay Movants from concluding the Litigation and removing the cloud on title to the NBC Property caused by Kelly's meritless claims, which have no conceivable impact on the bankruptcy estate. Movants therefore request that prospective relief from the automatic stay run co-terminus with the relief sought in Creditors' Motion to Dismiss filed simultaneously with this Motion which seeks a two-year bar to seeking bankruptcy relief imposed on Myers in his recent Florida bankruptcy case.

## Conclusion

WHEREFORE, Movants respectfully request that this Court to enter an Order: (i) granting this Motion; (ii) granting Movants relief from the automatic stay, pursuant to 11 U.S.C. § 362(d), to permit the Movants to fully and finally pursue their legal rights to dispose of all of the matters arising from or relating to the Litigation in state and federal court and to liquidate their claim for costs awarded against Kelly and Myers in the Litigation; (iv) granting prospective relief from the automatic stay, pursuant to 11 U.S.C. § 362(d), in any future bankruptcy filed by Kelly to permit Movants to pursue the matters identified in (ii) above without further Order of the Court; and (v) granting such other and further relief as is deemed just and proper under the circumstances presented.

Respectfully submitted,

Date: May 12, 2023

*/s/ Catherine Keller Hopkin*
Catherine Keller Hopkin, 28257
YVS Law, LLC
185 Admiral Cochrane Drive, Suite 130
Annapolis, Maryland 21401
Phone: (443) 569-0788
chopkin@yvslaw.com

Drew Dillworth, Florida Bar No. 0167835
STEARNS WEAVER MILLER
WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower Building, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Phone: (305) 789-3200
ddillworth@stearnsweaver.com

*Counsel for Movants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of May 2023, notice of filing the Creditor's Motion For Relief From The Automatic Stay was served by CM/ECF to those parties listed on the docket as being entitled to such electronic notices; and a copy of the Motion was mailed first class, postage prepaid to Debtor and hand-delivered to Trustee:

Barbara Ann Kelly
4505 Wetherill Road
Bethesda, MD 20816
*Debtor*

Rebecca A. Herr
Chapter 13 Trustee
185 Admiral Cochrane Dr., Ste. 240
Annapolis, MD 21401

*/s/ Catherine Keller Hopkin*
Catherine Keller Hopkin

8