## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND

*In re*:                                                                                         Chapter 13

**BARBARA ANN KELLY**,                                                Case No. 23-12700-MCR

    Debtor.

_____/

## CREDITORS' MOTION TO DISMISS

NAPLES PROPERTY HOLDING COMPANY, LLC ("NPHC"), NAPLES BEACH CLUB LAND TRUST TRUSTEE, LLC, as Trustee, NAPLES BEACH CLUB PHASE II and III LAND TRUST TRUSTEE, LLC, as Trustee, and NBC CLUB OWNER, LLC (collectively "NBC Entities") (NPHC and NBC Entities collectively, the "Movants"), by and through their undersigned counsel, move (the "Motion") for the entry of an Order dismissing this proceeding pursuant to 11 U.S.C. § 109(e).

## Summary of Case and Relief Requested

NBC Entities own real property in Naples, Florida (the "NBC Property") located a block away from a residence owned by Barbara Ann Kelly ("Kelly") and her non-filing spouse, Gregory Myers ("Myers"), commonly known as 700 Gulf Shore Boulevard North, Naples, Florida 34102 (the "Myers/Kelly Property"). Movants hold an unliquidated claim for costs against Kelly and Myers arising from and relating to their unsuccessful litigation commenced by Myers and later joined by Kelly as a plaintiff, claiming an easement and use restrictions on the NBC Property (the "Litigation"). Appeals and matters related to the Litigation remain pending in Florida and federal courts. The Litigation continues to cloud title to the NBC Property.

Contemporaneously with and as an alternative to this Motion, Movants are seeking relief from the automatic stay to permit Movants to continue to prosecute the Litigation through conclusion.

Through this Motion, Movants seek dismissal of this case because Kelly does not qualify for relief under chapter 13 of the Bankruptcy Code. Kelly continues to owe substantially the same creditors whose claims gave rise to the jurisdictional dismissal of her chapter 13 case styled *In re Kelly*, Case No. 18-13244 (D. Md. 2018) and her voluntary dismissal in response to an order to show cause in another chapter 13 case, *In re Kelly*, Case No. 19-24525 (D. Md. 2019). In the event that the Court dismisses this case, Movants request that Kelly be barred from refiling any new bankruptcy case for a period to run co-terminus with the pending two-year bar against Myers' access to bankruptcy relief as described above.

## Background

1. On April 9, 2023, Kelly filed this voluntary chapter 13 bankruptcy case by filing a petition and creditor matrix [ECF No. 1]. As of the date of this Motion, Kelly has filed no further substantive documents to advance this case but has sought and been granted an extension until May 17, 2023 to file her bankruptcy schedules.

2. However, as the docket notes, this is not Kelly's first time in bankruptcy court. She has filed multiple bankruptcy cases in the past, all of which were previously dismissed.[1] And, while Kelly's pending disputes with Movants are relatively new, the creditor composition of this case does not appear to be materially different than in past cases.

---

[1] Cases numbered 23-11566-LSS (D. Md.); 19-24525-LSS (D. Md.); 18-13244-LSS (D. Md.); and 18-07142-CED (M.D. Fla.). Myers has filed his share of bankruptcy cases too, including: 21-00123-CED (M.D. Fla.); 19-17428-LSS (D. Md.); 15-26033-MCR (D. Md.); and 93-16991-JPM (D. Md.). As correctly asserted by the United States Trustee (See 23-11566, ECF No. 29), Kelly and Myers have coordinated their efforts in prosecuting these serial bankruptcy cases and the multitude of related proceedings to create maximum complexity, confusion, and delay over otherwise straight-forward disputes. And, as a result of Myers' bad faith, on January 20, 2023, Chief Bankruptcy Judge Caryl Delano dismissed Myers most recent chapter 13 case and barred him from seeking further relief in bankruptcy court for a two-year period for the reasons set forth in the *Memorandum Opinion Denying Confirmation and Dismissing Case*, a copy of which is attached hereto as Exhibit 1.

3. For example, Kelly lists two mortgage lenders in her current creditor matrix -- U.S. Bank, N.A., as Trustee for Credit Suisse First Boston CSFB 2005-11 ("Naples Lender") and U.S. Bank, N.A., as Trustee for WAMU Mortgage Pass-Through Certificates Series 2007-OA4 Trust ("Bethesda Lender").[2] As of 2018, the Naples Lender was due $3,219,793.50 on account of a 2015 final foreclosure judgment entered in a 2009 Florida foreclosure proceeding against the Myers/Kelly Property.[3] As of 2018, the Bethesda Lender was due $2,321,433.05 on account of its claim secured by real property commonly known as 4505 Wetherill Road, Bethesda, Maryland (the "Bethesda Property").[4] The filing of this case and the recently dismissed chapter 11 proceeding (23-11566) were both made on the eve of a foreclosure sale of the Myers/Kelly Property in favor of the Naples Lender.[5]

4. Aside from delaying the foreclosure sale on the Myers/Kelly Property for years, these serial bankruptcy filings by Kelly and Myers have interfered with and delayed the efforts of other parties, like Movants, to fully and finally conclude disputes involving these debtors.

5. Here, the Litigation between the parties was commenced by Myers on May 27, 2021, when he filed a complaint against Movants initiating the Litigation styled *Gregory B. Myers and Barbara Ann Kelly v. Naples Golf and Beach Club, Inc. et al.*, 21-CA-001441-0001 (Twentieth Judicial Circuit, Collier County, Florida). Kelly later joined as a plaintiff.

6. Through the Litigation, Kelly and Myers claimed a private implied easement appurtenant to the Kelly/Myers Property and use restrictions over portions of the NBC Property,

---

[2] See ECF No. 1, at p. 12 of 12.

[3] See Proof of Claim number 1 filed in 18-13244-LSS.

[4] See Proof of Claim number 9 filed in 18-13244-LSS.

[5] See Re-Notice of Foreclosure Sale dated February 22, 2023, Suggestion of Bankruptcy dated March 8, 2023, Re-Notice of Foreclosure Sale dated March 20, 2023, and Suggestion of Bankruptcy dated April 20, 2023 attached hereto as composite Exhibit 2.

3

a 124-acre tract of land previously known as the Naples Golf and Beach Club which was operated as a hotel and golf course formerly owned by Naples Golf and Beach Club, Inc. for roughly seventy (70) years and is now owned by the NBC Entities.  In furtherance of their claims, and in a bald-faced effort to delay the closing of the sale of the NBC Property by Naples Golf and Beach Club, Inc. to Movants, Kelly and Myers filed a *lis pendens* against the NBC Property.  Ultimately, Kelly and Myers claims were rejected and on May 6, 2022, the state court presiding over the Litigation entered an *Amended Summary Final Judgment*, a copy of which is attached as Exhibit 3 (the "Final Judgment"), which rejected Kelly and Myers' claims to an implied easement and use restrictions over the NBC Property, and denied all relief sought by Kelly and Myers.  Conversely, the Final Judgment granted all relief sought by the Movants on their counterclaim declaring that Kelly and Myers have no rights whatsoever to the NBC Property and "permanently enjoining them from claiming any interests whatsoever in the [NBC] Property."  Exhibit 3, at pp. 19-20.  The Final Judgment also awarded Movants' costs against Kelly and Myers which cost award remains unliquidated as of the date hereof.  Kelly and Myers have appealed the Final Judgment, which appeal is currently pending and unresolved[6] due to Kelly and Myers' dilatory actions, including a completely unjustified attempt to remove the

---

[6] On June 22, 2022, Kelly and Myers, *pro se*, filed a notice of appeal of the Final Judgment as a non-final order in the Second District Court of Appeal of Florida, Case No. 2D22-2073, a copy of which is attached as Exhibit 4.  The case was transferred to the Sixth District Court of Appeal of Florida, Case No. 6D23-0573, upon the creation of the new Sixth District Court of Appeal on January 1, 2023.  On June 24, 2022, Kelly and Myers, *pro se*, also filed a notice of appeal of the Final Judgment as a final order in the Second District Court of Appeal of Florida, Case No. 2D22-2130, a copy of which is attached as Exhibit 5.  This second case was also transferred to the Sixth District Court of Appeal of Florida, Case No. 6D23-0585, on January 1, 2023.  Rather than simply litigate the appeals through conclusion, Kelly and Myers thereafter embarked on a series of actions to further delay resolution of the appeals.  As a result, the *lis pendens* filed by Kelly and Myers continues to cloud title to the NBC Property and will continue to interfere with the Movants' rights over the NBC Property until the appeals are concluded.

appeals of the Litigation to federal court, in which an order of remand was entered. The motion for reconsideration of the order of remand was denied on May 10, 2023.[7]

### Jurisdiction, Venue, Core Matter

7. The Court has jurisdiction over the instant matter pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core matter pursuant to 28 U.S.C. § 157(b)(2).

### Legal Analysis and Basis for Relief

8. Section 109(e) of the Bankruptcy Code sets a jurisdictional limit to the amount of secured debt a debtor may have in order to be eligible for relief under chapter 13. See 11 U.S.C. 109(e). As of today, the combined secured and unsecured debt limit for eligibility for chapter 13 relief is $2,750,000 pursuant to the Bankruptcy Threshold Adjustment and Technical Corrections Act of June 21, 2022 (Pub. L. No. 117-151).

9. While Kelly has yet to file bankruptcy schedules in this case, the Court has already observed that "where it appears the debtor did not exercise reasonable diligence or good faith in completing and filing his/her schedules, and an objection to eligibility is raised, the bankruptcy court may look to other evidence to determine eligibility." See *Memorandum Opinion* dated September 11, 2019 finding Kelly ineligible for chapter 13 relief entered in *In re Kelly*, 18-13244 (D. Md. 2018) at ECF No. 95.

10. Here, as described above, the Naples Lender alone is due at least $3,219,793.50 as of 2018 on account of a 2015 final foreclosure judgment entered in a Florida foreclosure proceeding commenced in 2009.[8] It is certain that the Naples Lender has not been satisfied as

---

[7] *Gregory B. Myers and Barbara Ann Kelly v. Naples Golf and Beach Club, Inc., et al.*, United States District Court, Middle District of Florida, Case No. 23-cv-0013.

[8] See Proof of Claim number 1 filed in 18-13244-LSS.

this bankruptcy proceeding stayed (again) its foreclosure sale of the Naples Property (see footnote 5 above).

11. Further, it appears, based upon the petition [ECF No. 1, at p. 12 of 12] and the appearance [ECF No. 9] of the Bethesda Lender, that it too remains unpaid, in whole or part, on account of its $2,321,433.05 claim[9] against the Bethesda Property which Kelly continues to own [ECF No. 1 at p. 2 of 12] as of the petition date.

12. Debtor cannot avoid the debt limits of Chapter 13 and keep this case open by avoiding the timely filing of her schedules, which will confirm that her debt limits exceed the cap set forth in Bankruptcy Code §109.

13. Furthermore, this Court may dismiss this case for cause pursuant to Bankruptcy Code §1307, which includes a non-exhaustive list of causes. *See In re Villanueva, 2009 Bankr. LEXIS 2868, \*1* (June 5, 2009, Bankr. D. Md.) Here, cause exists based on the Debtor's abuse of the bankruptcy system to avoid foreclosure and delay a non-appealable finding as to her wrongful Litigation action wherein she continues to assert a non-existent easement.

14. It is well-established that pre-petition conduct may be relied upon by courts in determining whether cause exists to dismiss a bankruptcy case. *See In re Covino*, 245 B.R. 162 (Bankr. D. Idaho 2000) (dismissing Chapter 13 bankruptcy case on account of debtors' conspicuous attempt to unfairly manipulate the Bankruptcy Code); *In re Buchanan*, 225 B.R. 672 (Bankr. D. Minn. 1998); *In re Inmon*, 208 B.R. 455 (Bankr. E.D. Ark. 1996) (dismissing Chapter 13 bankruptcy case on request of creditor after finding debtor's pre-filing conduct was designed to mislead bankruptcy court in prior bankruptcy case); *In re Simmons*, 149 B.R. 586 (Bankr. W.D. Mo. 1993) (finding that debtor manipulated Bankruptcy Code in his filing of earlier bankruptcy cases and that alone constituted cause for dismissal). These courts explain that where

---

[9] See Proof of Claim number 9 filed in 18-13244-LSS.

#11671272 v1

a debtor has unfairly manipulated the Bankruptcy Code and/or Court, the debtor has wrongfully attempted to use the Bankruptcy Code as a tool to reap the benefits of his/her wrongful action. *See Inmon*, 208 B.R. at 458-459

15.  Accordingly, for the reasons that Kelly's prior chapter 13 proceeding was dismissed, the Court should dismiss this case because Kelly remains ineligible for relief under chapter 13 of the Bankruptcy Code.  The Court should further bar Kelly from refiling any new bankruptcy case for a period to run co-terminus with the pending two-year bar against Myers' access to bankruptcy relief as described above, as Chief Bankruptcy Judge Caryl Delano did in Kelly's consort's case.  *See Exhibit 1*. Bankruptcy Code §105 permits the Court latitude to join Judge Delano in finding that this type of bar against repeat and vexatious filings is appropriate.

## Conclusion

WHEREFORE, Movants respectfully request that this Court enter an Order: (i) granting this Motion; (ii) dismissing this case due to Kelly's lack of eligibility for chapter 13 relief; (iii) entering a bar against Kelly from filing any further petition seeking bankruptcy relief for a period co-terminus with the two-year bar to filing imposed upon Myers; and (iv) granting such other and further relief as is deemed just and proper under the circumstances presented.

Respectfully submitted,

Date:  May 15, 2023

*/s/ Catherine Keller Hopkin*
Catherine Keller Hopkin, 28257
YVS Law, LLC
185 Admiral Cochrane Drive, Suite 130
Annapolis, Maryland 21401
Phone: (443) 569-0788
chopkin@yvslaw.com

Drew Dillworth, Florida Bar No. 0167835
STEARNS WEAVER MILLER

7

                                                WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower Building, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Phone: (305) 789-3200
ddillworth@stearnsweaver.com

*Counsel for Movants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of May 2023, notice of filing the Creditor's Motion To Dismiss was served by CM/ECF to those parties listed on the docket as being entitled to such electronic notices; and a copy of the Motion was mailed first class, postage prepaid to Debtor and hand-delivered to Trustee:

| | |
|---|---|
| Barbara Ann Kelly | Rebecca A. Herr |
| 4505 Wetherill Road | Chapter 13 Trustee |
| Bethesda, MD 20816 | 185 Admiral Cochrane Dr., Ste. 240 |
| *Debtor* | Annapolis, MD 21401 |

                                                */s/ Catherine Keller Hopkin*
                                                Catherine Keller Hopkin